CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| SHANA L. MARON, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>VIRGINIA POLYTECHNIC )<br>INSTITUTE AND STATE )<br>UNIVERSITY, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 7:08-cv-00579 |
| GRETA HANES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VIRGINIA POLYTECHNIC )<br>INSTITUTE AND STATE )<br>UNIVERSITY, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 7:09-cv-00221<br><br>**<u>Memorandum Opinion</u>**<br><br>By: James C. Turk<br>Sr. United States District Judge |

This matter comes before the Court on Defendant Virginia Polytechnic Institute and State University's ("Virginia Tech") motion to consolidate the above-styled cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The Plaintiffs in both the first case (the "Maron case") and the second case (the "Hanes case") oppose consolidation, and filed briefs in opposition. Virginia Tech replied, plaintiffs sur-replied, and the Court heard oral arguments on March 11, 2011. The

matter is now ripe for disposition. For the reasons stated below, Virginia Tech's motion to consolidate will be **DENIED**.

I. Background and Procedural History

a. The Maron Case

Plaintiff Shana Maron ("Maron") filed suit against Virginia Tech on October 7, 2008 alleging that Virginia Tech discriminated against her and other similarly situated female employees in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), *et seq.* and that Virginia Tech retaliated against her in violation of the EPA, 29 U.S.C. § 215(a)(3), *et seq.* Maron brought her EPA suit under the Fair Labor Standards Act representative action provision, 29 U.S.C. § 216(b). In these collective actions, similarly situated employees may join the plaintiff's case, but the employees must affirmatively opt into the case by filing a written consent to join. *Id.* On December 12, 2008, Plaintiff Erin Hofberg ("Hofberg") opted into Maron's EPA suit against Virginia Tech.

Upon receiving leave of this Court to file a second amended complaint, on July 24, 2009, Maron and Hofberg added sex discrimination and retaliation claims against Virginia Tech for violations of Title VII, 42 U.S.C. §2000e-2–3. On July 27, 2009, Plaintiff Greta Hanes opted into Plaintiff Kennedy's EPA collective action suit. On March 25, 2010, the Court dismissed Hofberg's Title VII claim as untimely.

Plaintiffs' EPA claim alleges that Virginia Tech failed to justly compensate Maron and similarly situated female employees on the basis of sex "by

2

compensating them at a rate less than [that] which it pays similarly situated male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions." Second Amended Complaint at ¶ 2. Plaintiffs' Title VII claim alleges that this unequal pay scheme constitutes sex discrimination. Second Amended Complaint at ¶ 5. Maron's retaliation claim alleges that Virginia Tech constructively reprimanded her, required her to achieve impossible performance benchmarks or risk termination, imposed unreasonable work conditions on her, and denied her important training opportunities.

The Maron case is set for a three-day jury trial beginning April 11, 2011 in this Court.

### b. The Hanes Case

Hanes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 10, 2007 alleging gender and ethnic discrimination. The Department of Justice issued her a Right to Sue letter on April 23, 2009. Hanes then filed suit in this Court on June 15, 2009 seeking relief under Title VII. Hanes alleges that Robert H. Bailey, Jr., her direct supervisor, sexually harassed her and created a hostile work environment, and that Virginia Tech retaliated against Hanes for filing her EEOC complaint. Neither Maron nor Hofberg have joined the Hanes case.

The Hanes case is currently set for a two-day jury trial beginning June 22, 2011 in this Court.

## II. Standard of Review

Rule 42 of the Federal Rules of Civil Procedure permits the Court to consolidate two or more cases "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Federal district courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). In the Fourth Circuit, the relevant factors for a district court to consider in deciding whether to consolidate are:

> (1) Whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and possible confusion;
> (2) The relative burden on the parties;
> (3) Witnesses and available judicial resources posed by multiple lawsuits;
> (4) The length of time required to conclude multiple suits as against a single one; and,
> (5) The relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2383 (1971)). This Court may consolidate the cases if, in light of the totality of the circumstances, it is necessary for the just adjudication of both suits. The Court will consider each of the *Arnold* factors in turn.

## III. Analysis

### a. Risk of Confusion versus Risk of Inconsistent Adjudications

Virginia Tech urges that the two cases should be consolidated because the risk of jury confusion is low and the risk of inconsistent adjudications is high in the

absence of consolidation. Virginia Tech argues that both cases involve the same core facts and involve common questions of law. Both cases arise out of events in the University Development Office from 2006 through 2008. All of the Plaintiffs in both suits were employed in the same capacity. Hanes is a plaintiff in both cases. In both cases, Hanes alleges gender discrimination. Bob Bailey, a supervisor in University Development, is a central figure in both suits. Further, the defendant is the same in both cases, and there is significant overlap in the witness lists.

The Plaintiffs concede that while the cases may arise out of the same time frame and involve many of the same people, the two suits are, in fact, very different in character because they require the resolution of different questions of fact and law. Plaintiffs assert that the Hanes case is materially different because it involves sexual harassment and Virginia Tech terminated Hanes, while the Maron case is merely about unequal pay.

While a consolidated trial would indeed require the jury to answer different questions of fact and law, the Court is confident that the jury would be able to perform this task competently without any substantial risk of inhibiting justice. This factor, therefore, weighs in favor of consolidation.

### b. Burden on Witnesses and the Court

Virginia Tech asserts, and Plaintiffs largely agree, that the witnesses to be called in the Maron case are largely the same as those likely to be called in the Hanes case. Consolidating the cases would permit these witnesses to testify once rather than twice, saving them both the time and expense in foregoing work and

travelling to the trial. A consolidated trial would also likely take less total courtroom time to complete relative to two separate trials, thus improving judicial economy. Because a consolidated trial would be less invasive of the witnesses and the Court's time, this factor also weighs in favor of consolidation.

### c. Time Constraints

Maron filed suit in October of 2008, and Hanes filed her individual suit in June of 2009. In the Maron case, discovery and pre-trial motions have proceeded in anticipation of an April 2011 trial date, while in the Hanes case, discovery and pre-trial motions have proceeded in anticipation of a June 2011 trial date. Accordingly, the Maron case is "trial-ready," as the parties have essentially concluded their preparation. However, the Hanes case has been operating on a different timeline, and discovery and pre-trial motions could not be concluded by the April 2011 trial date in the Maron case. Accordingly, if the two cases were consolidated, the consolidated case could not possibly proceed to trial before June 2011, delaying resolution of the Maron case at least two more months. The Maron case has been pending for over two-and-a-half years, and the Court does not desire any further delay in resolving the matter. Because consolidation would unnecessarily prolong resolution of the Maron case, this factor weighs heavily against consolidation.[1]

### d. Cost Constraints

Virginia Tech argues that consolidation would necessarily decrease the total cost of trial for all parties, especially for Hanes, who would have to prosecute two

---

[1] The Court notes that had Virginia Tech moved for consolidation at point early enough that discovery could have been expedited in the Hanes case, consolidation would have been more appropriate.

successive suits. At first glance, this makes intuitive sense—one trial saves the parties' travelling expenses, time off work, and attorneys' fees. However, Plaintiffs urge that a consolidated trial would, in fact, be a *more* costly endeavor.

As the Plaintiffs argue, discovery has proceeded separately in the two cases, despite the witnesses being largely identical. As a result, Plaintiffs' counsel in the Maron case participated in discovery *only* for that case, and took no part in discovery in Hanes' separate case. The same is also true for Hanes' counsel in her separate case. Were the cases consolidated, each Plaintiffs' attorney would have to re-double their efforts, and expenses, to prepare adequately for a consolidated trial. However, because Virginia Tech is the defendant in each case, and Virginia Tech took part in discovery for both cases, no additional effort or expense would be required to prepare for a consolidated trial. Because consolidation would present an additional burden on Plaintiffs, this factor weighs against consolidation.

### e. Burden on the Parties

Virginia Tech asserts that separate trials would not only impose a heavy burden on the witnesses themselves, but would also impose a burden on Virginia Tech, which currently employees most of the witnesses. Virginia Tech urges the Court that if the witnesses were to be called to testify twice, the opportunity cost to Virginia Tech would be high, as the witnesses would be forced to forego an extra day of fundraising.

However, Plaintiffs point out that consolidation would bring more hardship vis-à-vis their witnesses. Plaintiffs have already retained expert witnesses for the

Maron trial set for April 2011. Should the trials be consolidated, and the new trial set for some later date, Plaintiffs' expert witnesses would have to significantly alter their schedules, possibly impeding their ability to testify or increasing the cost to the Plaintiffs. Because either party could suffer a burden whether the trials are consolidated or not, this factor weighs neither in favor nor against consolidation.

## IV. Conclusion

In summation, two *Arnold* factors weigh in favor of consolidation. There is little risk of jury confusion should the cases be consolidated, even though there might be different factual and legal issues in dispute, and one trial would impose a lesser burden on the witnesses, who are largely the same. One *Arnold* factor is neutral, as Virginia Tech's witness-employees will be burdened by separate trials, and Plaintiffs' witnesses could be burdened by a consolidated trial. Finally, two *Arnold* factors strongly weigh against consolidation. While Virginia Tech would not incur additional attorneys fees in separate trials, a consolidated trial would necessarily increase costs to the Plaintiffs. Additionally, because the Hanes case is not yet ready to proceed to trial, a consolidated trial would require additional delay in resolving the Maron case.

In the judgment of the Court, the force of these last two *Arnold* factors outweighs the two factors supporting consolidation. Primarily because the Court desires no further delay in the Maron case, the Maron case and Hanes case should not be consolidated. Had Virginia Tech moved for consolidation earlier, the Court

might be inclined to combine the cases. However, for the reasons discussed above, Virginia Tech's motion to consolidate is hereby **DENIED.**

An appropriate order shall issue this day.

ENTER: This 18th day of March, 2011.

*[signature]*

Senior United States District Judge